IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARY REGINA SCHERTLE, | * | |
| PLAINTIFF, | * | |
| v. | * | Civil Action No. RDB-21-1745 |
| LM GENERAL INSURANCE COMPANY, | * | |
| | * | |
| DEFENDANT. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Mary Regina Schertle ("Schertle" or "Plaintiff") brings this lawsuit against Defendant LM General Insurance Company ("Liberty Mutual" or "Defendant") alleging breach of contract with respect Liberty Mutual's denial of coverage under the underinsured motorist provision of her automobile insurance policy. (*See* Compl., ECF No. 3.) Schertle originally filed her case in the Circuit Court for Baltimore County, Maryland. (*See* Case No. C-03-CV-21-001576.) On July 13, 2021, Liberty Mutual sought removal of this case to this Court pursuant to 28 U.S.C. § 1441(b), invoking diversity of citizenship jurisdiction under 28 U.S.C. § 1332. (Notice of Removal, ECF No. 1.) Presently pending before this Court is Liberty Mutual's Motion to Dismiss for Failure to State a Claim. (ECF No. 10.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Liberty Mutual's Motion to Dismiss for Failure to State a Claim (ECF No. 10) is DENIED.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). On October 11, 2016, Schertle purchased a motor vehicle liability insurance policy from Liberty Mutual. (ECF No. 3 ¶ 1.) The policy insured her against harms, losses, injuries, and damage she may sustain as a result of the negligence of an operator of an uninsured or underinsured motor vehicle. (*Id.*) One of the vehicles insured under that policy was a 2015 Lexus GX-460 that Schertle owned. (*Id.*) The policy's limit of liability is $250,000 per person for each incident. (*Id.*)

On February 5, 2017, Schertle was driving her 2015 Lexus on Interstate 695, a public highway commonly known as the "Baltimore Beltway." (*Id.* ¶ 3.) Her teenage son was a passenger in the vehicle with her. (*Id.*) As Schertle proceeded in a westbound direction near the intersection of Perring Parkway in Baltimore County, Maryland, a motor vehicle crashed into the rear of her vehicle at a high rate of speed, propelling it forward. (*Id.*) Schertle lost control of her motor vehicle, which rolled over on the Beltway and landed on its roof. The driver of the vehicle that collided with Schertle's, Gorgino Ramirez Fidel, fled the scene of the accident on foot. (*Id.*) Schertle later learned that Fidel had been driving a 2007 Honda that belonged to Orlando Argueta Argueta. (*Id.* ¶ 2.) At the time of the collision, Fidel did not have a valid driver's license. (*Id.* ¶ 2.) Schertle suffered physical and mental injuries as a result of the crash. Her 2015 Lexus was also a total loss. (*Id.* ¶ 4.)

Argueta's 2007 Honda was insured by Allstate Insurance Company under a policy that carried the minimum limit of liability under Maryland law in the amount of $30,000 per person. (*Id.* ¶ 6.) Under the terms of Schertle's policy with Liberty Mutual, the 2007 Honda qualified as an underinsured motor vehicle. (*Id.*) Schertle recovered the full $30,000 from Allstate. (*Id.* ¶ 8.) Schertle then submitted an underinsured motorist claim to Liberty Mutual seeking to recover the rest of her damages. (*Id.* ¶ 9.)

On March 9, 2021, Liberty Mutual's authorized claims representative, Grace Kerri Knopp, advised Schertle that Liberty Mutual would not further compensate her in relation to the collision. (*Id.* ¶ 10.) On May 21, 2021, Schertle filed suit in the Circuit Court for Baltimore County. (ECF No. 1-2.) On July 13, 2021, Liberty Mutual filed a Notice of Removal with this Court. (ECF No. 1.) On July 20, 2021, Liberty Mutual filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 10.)

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## ANALYSIS

In its Motion, Defendant argues that Plaintiff's Complaint must be dismissed because (1) Maryland does not recognize a tort claim against an insurer for bad faith refusal to settle a first party claim and (2) Plaintiff failed to file her claims with the Maryland Insurance Administration before filing this lawsuit. Both arguments are meritless.

First, it is true that "Maryland does not recognize a specific tort action against an insurer for bad faith failure to pay an insurance claim." *Johnson v. Fed. Kemper Ins. Co.*, 74 Md. App. 243, 248, 536 A.2d 1211, 1213 (Md. Ct. Spec. App. 1988). Plaintiff, however, has brought a claim for breach of contract. As this Court has noted: "[a]n insured's claim against the insurer based on a policy's uninsured motorist coverage is a contract claim." *Rozinsky v. Assurance Co. of Am.*, Civil Action No. RDB-15-02408, 2016 U.S. Dist. LEXIS 28178, at *9

(D. Md. Mar. 4, 2016) (citing *Reese v. State Farm Mutual Auto. Ins. Co.*, 285 Md. 548, 403 A.2d 1229, 1232 (Md. 1979)). Maryland law also recognizes an implied covenant of good faith and fair dealing in contracts which on its own does not form the basis of an independent cause of action. *See Titan Custom Cabinets, Inc. v. Truist Bank*, 505 F. Supp. 3d 558, 568 (D. Md. 2020) (Bennett, J.) (citing cases). In this case, Plaintiff's Complaint is styled as a "Civil Complaint for Breach of Contract and Request for Jury trial." (ECF No. 3 at 1.) Plaintiff alleges that "Liberty Mutual's refusal to offer and pay [her] the fair and reasonable amount of money that was and is due her was and is in bad faith and without justification and constitutes a breach by Liberty Mutual of its contract of insurance with Plaintiff." (ECF No. 3 ¶ 10.) Plaintiff's claim sounds in contract, not tort. As Plaintiff notes in her Opposition, the words "bad faith and without justification" are used to describe the alleged breach of contract and not in support of a tort claim. (ECF No. 11-1 at 4.) Accordingly, Defendant's first argument fails.

Second, there is no requirement under Maryland law that Plaintiff first file her claim with the Maryland Insurance Administration. As Judge Hollander of this Court has noted, "Maryland law is clear that MIA proceedings do not affect the right of a plaintiff to bring a breach of contract action in federal or state court." *George v. Mass. Mut. Life Ins. Co.*, Civil Action No. ELH-17-1073, 2018 U.S. Dist. LEXIS 16528, at *14 (D. Md. Feb. 1, 2018) (citing *Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 475-76 (4th Cir. 2001)). Accordingly, Plaintiff may proceed on her breach of contract claim in this Court, and Defendant's Motion to Dismiss (ECF No. 10) is DENIED.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 10) is DENIED.

A separate Order follows.

Dated: December 30, 2021

_____/s/_____

Richard D. Bennett
United States District Judge