IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| **MARY REGINA SCHERTLE,** | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 1:21-cv-01745-JRR |
| | : | |
| v. | : | |
| | : | |
| **LM GENERAL** | : | |
| **INSURANCE COMPANY,** | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S POST-TRIAL MOTION**
**FOR STATUTORY REDUCTION OF VERDICT**

Defendant LM General Insurance Company, by and through counsel, hereby files this Motion for Statutory Reduction of Verdict, and for reasons states:

1. Pursuant to Maryland's uninsured motorist statute, Defendant is entitled to a reduction of the verdict in the amount previously paid by tortfeasor's carrier, in this case $30,000.00.

2. Under Maryland law, "the limit of liability for an insurer that provides uninsured motorist coverage under this section is the amount of that coverage less the amount paid to the insured, that exhausts any applicable liability insurance policies, bonds, and securities, on behalf of any person that may be held liable for the bodily injuries or death of the insured." Md. Code Ann., Ins. § 19-509(g).  Thus, in accordance with the UM/UIM statute, Defendant is not liable to pay the amount already paid by the primary carrier.

3. Furthermore, if a jury verdict against an insurer in an uninsured motorist case exceeds the uninsured third-party policy limits, the verdict should be reduced by the trial judge,

upon post-trial motion, to the amount of the contractual coverage. *Allstate Ins. Co. v. Miller*, 315 Md. 182, 553 A.2d 1268, 1989 Md. LEXIS 31 (1989).

4. Here, the amount of contractual coverage excludes the amount paid by the primary carrier Allstate: "[w]e will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible," – Policy (**Exhibit 1**) at Part C – Uninsured Motorists Coverage, Limit of Liability C. – and "[a]ny insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis." *Id*. at Part C – Uninsured Motorists Coverage, Other Insurance 2.  Thus, pursuant to the policy, Defendant is entitled to an offset in the amount of Allstate's prior payment.

5. In this case, Allstate paid its policy limits of $30,000.00: "[a]fter reviewing Mrs. Schertle's claim for damages, and with the full knowledge and consent of Liberty Mutual, Argueta and Fidel's liability carrier, Allstate, paid Mrs. Schertle the full amount of its liability policy limits in the amount of $30,000.00 that was carried on the Argueta motor vehicle." *See*, Complaint (ECF 3) at ¶ 8. Furthermore, Defendant agreed to waive subrogation against Allstate, its policyholder Orlando Argueta, and the permissive driver Gorgonio Fidel.  *See*, 1/27/21 Letter (**Exhibit 2**).

6. Consequently, Defendant is entitled to a reduction of the verdict in the amount of $30,000.00.  On August 11, 2022, the jury rendered a verdict in the amount of $75,000.00. In accordance with Maryland law, that verdict must be reduced to $45,000.00.

WHEREFORE, for the foregoing reasons, Defendant LM General Insurance Company respectfully requests that this honorable Court grant its Motion for Statutory Reduction of Verdict and reduce the verdict to $45,000.00.

Respectfully Submitted,

Dated: August 15, 2022    */s/ James C. Mehigan*
James C. Mehigan (Fed. Bar No. 16239)
Mehigan Law Group PLLC
11921 Freedom Drive
Suite 550
Reston, Virginia  20190
(703) 774-7281
jmehigan@mehiganlawgroup.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 15, 2022, a copy of the foregoing was served via ECF to all parties of record.

*/s/ James C. Mehigan*
James C. Mehigan